Case No. 14-5204, James Morris Appellant v. United States Sentencing Commission et al. Mr. Warren for the amicus curiae, Mr. Posner for the affilis. Good morning. Good morning. We're ready. May it please the Court. This case presents a number of challenging issues, but the principal point I'd like to focus on is that Mr. Morris sued Eric Holder in his individual and in his official capacity. The Court agrees with me on that point. There is no sovereign immunity bar, and the case must be remanded to be heard on the merits for the first time. If time permits, I would also like to address the District Court's ruling on the sentencing commission. Why is Holder relevant to the case, even for whoever, Lynch, whoever is named in his or her official capacity? Why is the Attorney General relevant to the case? Well, I don't believe there is any relevance to the Attorney General as an individual, but his suit is against the United States government and the United States Department of Justice. But the Justice Department's not the party responsible for the misapplication of the sentencing guidelines or for the allegedly discriminatory promulgation of the amendment to the guidelines. Well, Your Honor, I disagree. I believe that the Justice Department opposed Mr. Morris' 3582C2 modification on grounds that were plainly erroneous in advance of an unconstitutional application of the guidelines. To argue that the lawyers, I mean, they're not ultimately responsible. They were just advocates. I mean, it seems like your theory would be that the sentencing commissioners perhaps should be named in their official capacity, but I don't think that helps you because they're within the sentencing commission, and that's a problem, as you know, under our precedent and under the language of the Administrative Procedure Act. I understand why you're going the way you're going, and I agree with you that the complaint probably should be read to name the Attorney General in his or her official capacity, but the problem is they're not particularly relevant to the case. Well, part of the issue is if he gets a declaratory judgment that binds the United States Department of Justice, when he then returns to the 3582C2 court in Mississippi or brings it as a second and successive habeas petition, the Department of Justice will be bound by the district court's ruling and would not be in a position to oppose that modification request on an erroneous application. So that's what it's really about is that it's tantamount to an injunction against the Attorney General telling the Department of Justice which arguments to make in the subsequent 3582C2? It's not an injunction. It's not a claim for mandamus. It's just a declaration from the court below as to what was the constitutional application. The expectation is that the Department of Justice... But the reason that the Attorney General is relevant has everything to do with the arguments that they would make in a subsequent proceeding. It does. Yes, it does. And it has to do with the fact that a court would have already, you know, said that there is no constitutional way for him to have been sentenced as a career offender. Let's go back to the sentencing hearing. Let's imagine we're at the sentencing hearing. What should have happened if everything had gone correctly? What should have happened at the sentencing hearing? What should have happened is that the court should have read the guidelines at 4B1.1, which say that the career offender guidelines only apply if they are greater than the otherwise applicable guidelines. Right. Pre-sentence report and the government made clear that they weren't greater than. They were the same. But even that was a mistake, right? I mean, the offense guidelines should have been lower. I thought there was a – wasn't there a problem with the weighing of the drug? And if that had been done properly, the guideline for the offense would have been lower. I mean, had everything conceivable gone in a perfect way, perhaps that's true. But that's not what happened. The government advanced an argument that there was 55.7 grams of crack cocaine seized. That's what they put forth. That's what they tried to sentence him on. And based on that, I guess that works. That was wrong, though. That was wrong, though, right? If we were going back to my hypothetical, going back to the right way, he would have been sentenced under the career offender guidelines. That was greater than – Years later, that was held to be incorrect, yes. So that's a bit odd, isn't it, that you're asking us to overlook that? That had this been done correctly, legally, your client would have been sentenced under the career offender guidelines. It's anomalous, but the question is what actually happened. And what happened is that he was sentenced under the career offender guidelines when he shouldn't have been and couldn't have been under a very plain language reading of what the guidelines were. Well, he should have been. No, no, he should have been sentenced under the career offender guidelines because there was a mistake that was made in the weighing of the drugs. Well, that's true. Going back to the original claim that was filed, which is at JA11, it really does talk about the sentencing commission used their seats to discriminate against blacks and career offenders. Then two, the enactment of the operation of another guideline policy statement. And then third, the operation of another guideline authorizes a de facto resentencing. Those do seem to be speaking to, first, the commission, and second, the, I guess, district judge. There's no question that he is suing the commission, alleging that there is both facial and as-applied constitutional error. But as to the Attorney General, I'm just going, I guess I'm repeating my point, but looking, I was going back to double-check here on exactly what was in the original statement of claim, and it does seem. Right. Well, there's a pendant to that, a motion for declaratory judgment, that I believe uses language suggesting that Eric Holder used his seat. He could have memoed his staff to stand down on an application of the guidelines. You know, I won't pretend that the complaint is easy to decipher. No, that's okay, and we are generous in reading those, so you make a good point on that in your brief. Do you know of another situation in which the ground for including the Attorney General as a defendant concerns the arguments that the Department of Justice would make in a proceeding? I don't have another case on point to cipher that. But by the same token, the Attorney General does get sued in his official capacity routinely, and I think it's considered to be a stand-in for either the Department of Justice or, in some cases, if held, the United States government as a whole. But it doesn't sound like your theory has to do with the United States government as a whole. It sounds like your theory has to do with carrying out the functions of the Department of Justice vis-à-vis arguments that would be made in court. I think that is what Mr. Morris's complaint alleges, fairly construed, yes. It's that the goal is to ensure that when he next comes up on a habeas petition or 3582C2 sentence modification request, that that motion is unopposed, or at least that the Department of Justice is not opposing it on grounds that a court of law has held to be unconstitutional, and that that will hopefully make it more likely that he gets the release  And I suppose you have an argument about whether the way in which the Attorney General is being brought in the case goes to jurisdiction or goes to the merits. Correct. Correct. And I think a lot of the questions raised here do go to the merits, and that was just simply unaddressed by the district court. And the focus of the district court's ruling, the exclusive focus, and the focus of the briefing was on a subject matter jurisdiction issue, and it focused on sovereign immunity, whether the government had waived its consent to sue and issues like that. I think those issues are legally erroneous, and on that ground, the case should be remanded to sort out whether there is a viable claim on the merits in a 12B6 posture where the allegations, you know, factual allegations should be taken as true, whether there is a viable claim for relief. But that's not an issue that the district court touched. And, you know, in our precedent here, Pollack v. Hogan, it's a similar case where the district court had dismissed for want of jurisdiction and then held that there was a sovereign immunity problem. This Court reversed, and it noted that, you know, there had been a toss-off half-sentence suggesting a 12B6 dismissal on the merits, but this Court held that that wasn't enough, that wasn't sufficient to dismiss the case, and it sent it back down for full consideration on the merits. And I would also suggest that the same thing roughly happened in Davis v. Sentencing Commission. On the Sentencing Commission angle of the case, just asking a couple questions about that part of your brief, if I could. Couldn't the constitutional arguments about what the Sentencing Commission did be raised in the 3582 proceeding? So that's a question of issue preclusion. As far as the actual proceeding. Well, I'm not really focused on this case, but just as a general proposition, one of the concerns I understood your brief to have is if we say the commission is immune, then that's going to mean that some constitutional claims perhaps get unremitied. But I don't think that's right, because 3582 would always be available to raise the kinds of constitutional challenges you might have about the commission. Well, there are examples that are outside of the sentencing context altogether.  I mean, under the government's argument, that would naturally follow it. He doesn't have a 3582 motion to bring. I mean, he's not a prisoner. It's a large argument that they've put before this court to suggest that there is a full immunity from judicial oversight when it comes to violating the Constitution. And I think, you know, even if there is a limited claim,   It's not going to make a big difference. who may be able to present constitutional claims in the appeal of a 3582 motion. And in this context, the violation is alleged to have happened at the 3582 stage, so it would really be the appeal to the Fifth Circuit that would present that opportunity. But putting aside your hypothetical, for a prisoner who's alleging something unconstitutional with respect to the guidelines or an amendment to the guidelines or what have you, the 3582 will allow the prisoner to raise any such claim, I believe. I think the case law on that is mixed. There's cases holding, like United States v. Lafayette, that constitutional issues, if they relate back to the sentencing in one way or another, are beyond the scope of what is supposed to be a very limited proceeding. So, you know, Dillon and other cases suggest a 3582 modification proceeding is supposed to be very limited in nature. It, I think, really depends on the facts of a prisoner's case, whether a constitutional issue that hooked back or related back to the sentencing in any way would be brought within the scope. So, you know, perhaps there are some prisoners who would have that opportunity, but I would not agree that every prisoner would necessarily. And certainly there are other classes of cases that, like I said, don't have anything to do with that. What's your best case for the proposition that in a situation like this where the constitutional claim is related to the application of the guidelines, related to the application of the guidelines in this particular case against this particular person, the 3582 still wouldn't be a vehicle for bringing that? There's no direct case on point. Okay. Yeah, this is a fairly anomalous factual situation, in part because of Mr. Morris's access to evidence that he would have needed to really raise the constitutional issue successfully. He didn't have the transcript at the time he brought his pro se 3582 motion. On account of that, that wasn't part of the record that was certified on appeal. So even if he had wanted to raise the transcript in the Fifth Circuit, he wouldn't really have been able to do that. And, again, he was proceeding pro se while incarcerated with really out really access to the transcript that was, frankly, his best, perhaps only evidence that there had really been a constitutional violation. And then can I ask you about the theory for the sentencing commission? If I'm understanding the way that you would suggest that we would do it, we already have cases, the WLF cases, that stand for the proposition that the sentencing commission isn't part of the waiver of sovereign immunity under the APA. But then, and that's construction of the term agency, the definition of the term agency under the APA. But your suggestion would be to construe that same language, the term agency, to mean something different when you're talking about a constitutional claim against a sentencing commission of the variety that's... Well, I think the idea is what was that waiver really intended to do? It's intended to be a broad waiver of sovereign immunity for the government writ large. And every case the government has cited limits the application of that waiver to statutory claims or non-constitutional claims, FOIA, FECA, Privacy Act, things like that. There just is no case saying that you can't bring a constitutional claim against the commission. And I understand textually you're looking at the same words and trying to do it two ways. And that is novel, but certainly not unprecedented. This Court will take that reach when it needs to to avoid a situation where... Is that true? So what is, if it's not unprecedented, what is a case where we or the Supreme Court have taken the same word and construed it differently depending on whether there's a constitutional claim raised or any other claim? I can't present a case on that, but I can say that this Court has essentially already held that you can raise a declaratory judgment claim against a sentencing commission alleging a constitutional wrong. We've done it twice. In Davis v. Sentencing Commission itself, the Court considered a declaratory judgment claim that the district court had dismissed and said we're going to send it back because that claim can be brought. It was dismissed in error. So that's a clear holding that's right on point. In United States v. Lopez, another case that the government cited... It wasn't raised there, right? I'm sorry? It wasn't raised there. What wasn't raised? The sovereign immunity issue. Sovereign immunity. That's true, but sovereign immunity is jurisdictional. At FDIC v. Myers, the Supreme Court held it's jurisdictional. The Court should have considered it sua sponte and would have had that actually been a barrier, but it didn't. Likewise, in United States v. Lopez, which is really the foundational precedent for this idea that the commission is not an agency, in the same breath, the paragraph before that analysis, the Court reaches the merits of Mr. Lopez's constitutional claim, holds that it doesn't have merit, but it doesn't include that analysis in the long discussion about sovereign immunity. It reaches it, and that's a tacit, implied and inescapable acknowledgement that you can bring a constitutional claim against this body. If the Court doesn't have further questions for now, I'd like to reserve the remainder of my time for rebuttal. Thank you, Judge. Good morning. May it please the Court. My name is Mike Posner on behalf of the Sentencing Commission and the other appellees. I'd like to start by focusing on the claim against Eric Holder. I think the Court below comfortably dismissed it as a personal capacity suit, but even if the complaint is read as an official capacity suit, this Court should affirm on the grounds that one way to say it as a practical matter is that DOJ is not relevant as a threshold jurisdictional matter. I think there's no traceability to Morris's alleged injury, the denial of his sentence modification to the attorneys for simply making their argument. And I think Amicus recognizes that there's no precedent on that point. There's also no redressability. The discretion and the authority to modify Morris's sentence rests solely with the sentencing court. And the sentencing court has looked at this through two 3582C motions, through two habeas motions, has looked at the same issue and has decided over and over again that Morris was sentenced correctly under the guidelines as a clear offender because his offense level as a clear offender. And so a declaratory judgment by this Court against the Department of Justice I thought the offense levels were the same. I thought that's why we're In the pre-sentence report, the offense levels were listed as the same. And there's some, I think, mixed, Amicus pulls one thing from the transcript from the sentencing hearing to show that the sentence may have been based on drug quantity. There are other indications in that transcript that it was based on career offender status. And so in the very first habeas motion, the district court said, I want to look specifically at this issue as to whether Morris was sentenced based on drug quantity and if so, what amount. And the court requested briefing from the parties. The Department of Justice submitted a brief and Morris submitted a filing. And the Department of Justice explained that the actual weight for the drug So this gets back to the weight question of whether the quantity was accurately conceived of by the sentencing court. That's right. And the Northern District of Mississippi, and then affirmed by the Fifth Circuit and then decided again and again, has said that he was sentenced based on career offender status and not drug quantity weight. And the way this goes to the standing question with respect to an official capacity suit is that there's simply no, not only is there no traceability because it's really a suit taking issue with an argument made and it's the court that decided the question and imposed the alleged injury, but there's no redressability because the judges in the Fifth Circuit have, it's been the subject of, by my count, eight separate decisions on this very issue of what he was sentenced on. And so a declaratory judgment by the District of D.C. against the Department of Justice will have no effect on that. And I'll just add if, if Morris believes that the transcript changes everything, that this is some sort of smoke and gun, and we don't think that's the case for a number of reasons, he can still, he still has available the 3582 motion as a procedural vehicle to challenge whether a sentence reduction is available. And he, in fact, has right now a pending 3582C motion with the Northern District of Mississippi as well as a pending successive habeas motion. Now it's not on this point, it's on he's now challenging a different component of his sentence, the definition of career offender, but he can. So if he were to bring another 3582C, what's it called, it's called a motion, I don't even know what it's called. Yes, motion. It's called a motion. And then he makes the same argument that he's making now. Yes. And he captures it in constitutional terms and says all the same things that the amicus has laid out in the briefing. Look, there was something that went awry the first time around. If you look at this, it actually wasn't greater, it shouldn't have happened, and that results in a constitutional problem. Your view is that he's able to do that without a 3582C motion? It depends on precisely what he's challenging. My view is that their constitutional review is available of all of the sentencing guidelines. It's available either through direct appeal of sentencing, and the Supreme Court hears these challenges all the time. Mistretta is one example, Pew is one example. Right, but if it's not direct appeal, if you're in a situation like this, 3582C only comes up where a subsequently promulgated guidelines amendment could inure to the benefit of the person who brings the motion. So in that context, the question is if they have a constitutional claim attached to that, is 3582C a vehicle for bringing that, as would be the case under the hypothetical that I laid out where he files a subsequent 3582C motion raising exactly the same constitutional claim that's asserted to be raised here. Yes, it absolutely is available. For the limited scope that 3582 is available, which is when there's a change to the guideline on which somebody was sentenced, courts can and have entertained constitutional challenges. An example from this circuit is United States v. Taylor in 2014. An example from the Fifth Circuit is United States v. Evan from 2011. The circuit in which his criminal proceedings are. And the cases that amicus cites for the proposition that 3582 is not proper for constitutional challenges, all those cases say is that there are really two situations where the court has refused to entertain a constitutional challenge under 3582. One is when it's an attack not on a modification of the guidelines, but an attack on the original sentence. So, for example, if Morris just wanted to attack the career offender guidelines as unconstitutional, that would likely not be proper under 3582 because he could have brought that challenge on direct appeal. He chose not to. He also could have brought that challenge in his first habeas action. He chose not to. Instead, he challenged only ineffective assistance of counsel. So that's the first situation. Courts say, no, no, you should have brought that on direct appeal. The second situation is if the constitutional challenge meets the habeas channeling requirement, courts will say, no, 3582 is not proper because you have to go through habeas. So all those cases are saying is you have really three different mechanisms to bring constitutional challenges. And you're no longer taking the position that habeas should have been pursued here. That's correct. Under Davis. So that's not a problem. The first one's not a problem either. That's correct. Because we're not talking about an attack on the original by-hypothesis. We're talking about an attack on the amendment to the guidelines. That's right. Okay. Can I go back to the weight question that I asked of your opponent? As I recall, his response was what we're looking at was the initial determination made by the district court. And the district court initially didn't catch the weight issue. So we shouldn't be thinking about that now. What's your response to that? Well, I don't think that it's fair for us to conclude that the initial court didn't catch it immediately. I think there's some ambiguity in the sentencing transcript, which is exactly why the Northern District of Mississippi, which is in the best position to hear these issues, in the first habeas petition requested further briefing, and its conclusion was the simple and undisputable fact is that he was sentenced as a career offender and that drug quantity had nothing to do with it. And you said that was based on this discrepancy in the weight? That's correct. That was in the briefing of the government on the first 2255 habeas motion. The court concluded that he was sentenced as a career offender correctly under the guidelines. Just to be clear, I don't know that that was in the arguments. I'll take your word for it that it was. But the decision itself doesn't say that it's premised on the notion that there was a discrepancy as to quantity. The decision itself just says that the career offender guideline was applied. That's right. It could be that the career offender guideline was applied because of this erroneous textual analysis about the word greater. It's at least possible that could have been. Yes, it's absolutely possible. And if that is the case, then Morris' vehicle to challenge that determination is an appeal to the Fifth Circuit to say that, and it denied there an appeal to the Supreme Court. What that purported error, and again, I don't think here we're in the best position to analyze that, what that does, it does not affect sovereign immunity as a bar. It does not affect that he has no redressability against any of the parties because the discretion is given to the sentencing court. And so a judgment against the Sentencing Commission, a judgment against Eric Holder, a judgment against the Department of Justice does nothing to do that. And it doesn't change the fact that whether or not we think there's an error that it's been decided in the subject of eight decisions, and so it's issue precluded here. Is a separate topic, is sovereign immunity jurisdictional in your view? Yes. So what do you do with Davis then? Davis, I believe, addressed the narrow issue that was in front of it that was decided by the district court, which was whether habeas channeling applied. The court, of course, could have raised the jurisdictional issue sua sponte. We went back and looked at the briefs. The government did not make that argument. We absolutely should have. We don't catch them all. And I think the court understandably focused only on the narrow issue. Do you affirmatively waive sovereign immunity in the brief? The court has to. That's your view of the current state? I mean, jurisdiction is a moving target right now. I think the court certainly could have raised it sua sponte, but I think it happens that when a court is not presented with an issue, it doesn't necessarily reach it. Second question is suppose a suit against the individual sentencing commissioners in their official capacity for forward-looking injunctive relief, that barred also? Yes, that is barred. What's your theory? For two reasons, two theories. One is that the suit would be one, it would be a complaint about their actions taken in the course of rulemaking, and so they would enjoy legislative immunity from that suit. And that's a point that amicus conceives at least with respect to monetary damages. I don't believe there's any basis in law or otherwise to distinguish between monetary damages and other types of claims for legislative immunity. It's a bar from suit for actions taken in the course of quasi-legislative activity, and a case on point for that is J.C. Byrd in this circuit. That's a creative theory, but you've got a second one? The second one is, and I'll just point out that he, of course, has not named any individual commissioner. I got you on that. You're right, but I just was curious in thinking about all the permutations of this case, both what it is and what it could have been. That's right, and so without any allegation of what an individual commissioner did, these career offender guidelines have been around for a long time, so I'm not sure exactly what his allegation is of unconstitutional activity by which commissioner. So suppose there's an allegation that the commissioners collectively acted in violation of equal protection by enacting a racially discriminatory amendment to the guidelines. Yes, I think he has two problems. The first is legislative immunity, which is a bar. The second is I think that pursuit would be the Larson-Dugan exception to sovereign immunity, and I think it doesn't apply here because it applies when a plaintiff seeks specific relief from individual officials. For a mandatory duty? That's right, for a mandatory duty, and it's not available here, and I think actually amicus concedes that point in their brief, that mandamus relief is not available from the individual commissioners, and there's a lot of case law on that point that it's absolutely discretionary whether or not to promulgate sentencing guidelines. On the question of whether to the extent to which sovereign immunity is jurisdictional, isn't it the case that the government can waive sovereign immunity in a particular case, or is that not? I don't believe so, Your Honor. That's what I thought, but you know. I thought the government removes a case from state to federal court. Well, you know, I think unfortunately I can't answer that question, but I don't think it has any bearing here because whether or not the government waived sovereign immunity in Davis has no bearing on whether it was. It certainly wasn't waived here. No, it would be an answer to you on Davis. I mean, I think it ultimately would be a point. I see. It's a helpful question. Thank you, Your Honor. I'm going back and trying to figure out where we got to this point. I will doubt that point is my motive. But I don't know if forfeiture counts as waiving. It's one thing. It may be true that the government, by hypothesis, can waive sovereign immunity in a particular case by taking some action. I just don't know the view on it. And I think at the end of the day, Your Honor, the silence by the court in Davis does not overcome the very explicit holding in Washington Legal Foundation that the Sentencing Commission simply is not an agency as defined by the APA, and if they're not an agency as defined by the APA, then Congress has not waived sovereign immunity, and sovereign immunity does not distinguish between constitutional claims and other types of claims. And there's nothing in the text of the APA, and there's no authority to support that proposition. And actually, just as one example, in the Anderson case in this circuit, this court found that a due process constitutional claim against military officials acting in the time of war was barred by sovereign immunity because military officials acting in the time of war are an exception to the definition of agency in the APA. As I recall, there was a dissent in Anderson. There was. There was. It was a well-crafted dissent, which really went to the Larson-Dugan exception, which, as I've explained, is not applicable here. If there are no further questions, I will yield the podium. Thank you. Mr. Warren, we'll give you back two minutes. Thank you. Unfortunately, I just have a few brief points. So it may certainly be the case that on remand Mr. Morris loses for, you know, want of having a strong case on the merits. However, with that said, the government has conceded that the evidence about whether there was a constitutional violation is at best mixed. Back up. What did you mean by that on remand? He may not have a strong case. What were you referring to? Well, I think there are barriers as to how to read a sentencing hearing transcript, but I think the government has acknowledged that the evidence there is at best mixed for the government and suggests that there very well could have been a constitutional violation based on how the court, based on the fact that the court, in fact, did not sentence him as a queer offender. So, you know, at a minimum, given that this is reaching this Court in a 12B6 posture where the allegation should be taken as true, I think a remand to consider that on the merits would be appropriate. Second, there has been a lot of attention focused on whether he had a fair shot in his appeal of the 3582 motion to raise these constitutional issues. I think this is an unusual case in that, as an evidentiary in procedural and substantive matter, he didn't have a fair shot in the Fifth Circuit because he didn't have that transcript. So I think in the run-of-the-mill case, even if it were so that a prisoner could present a constitutional claim appealing the denial of the 3582 motion and then were that prisoner to come try and, you know, take another bite of the apple here, he would be precluded because there wouldn't be any reason not to preclude him. Here there is a reason, and the fact of the matter is that the government simply did not present issue preclusion below. They didn't give Mr. Morris the chance to raise the issue of the sentencing hearing transcript. And under Blodnetong Laboratories, that's a waivable defense. It's an affirmative defense. The government didn't present it. And, you know, it should be sent back down so that that can be sorted out rather than upholding what is a clear error in the law that the district court made based on subject matter jurisdiction and sovereign immunity. I take issue with the government's reading of Anderson. I think that the holding of that case is more limited. It suggests that the military authority in that case is not an agency for purposes of bringing monetary claims. But I think that the door is open, and the door is open based on Judge Srinivasan's dissent, that constitutional claims could have been brought pursuant to the Larsen-Dugan exception. I also take issue with the thought that a suit against the commissioners would have been fully barred here. There are cases, Pollack v. Hogan, Clark v. Library of Congress, and Anderson v. Carter that suggest that that door could have been open. So one path for the district court could simply have been to dismiss without prejudice to refile naming the commissioners in their official capacity or a minimum. Thank you very much. We have your argument, if there are no further questions. Thank you. Mr. Warren, you were appointed by the court to represent the appellant in this case, and we thank you for your assistance. Thank you very much. The case is submitted.
judges: Griffith, Kavanaugh, Srinivasan